IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ROGER SCOTT RILEY                                                      PLAINTIFF

V.                                           CIVIL CAUSE NO. 1:24-CV-220-DAS

BRYAN POUNDERS, ET AL                                    DEFENDANTS

ORDER DENYING REQUEST FOR DISCOVERY

On April 28, 2025, the court conducted a teleconference regarding the plaintiff's request to lift the stay of discovery to allow qualified immunity-related discovery prior to responding to defendants Chism and Pounders' Motion to Dismiss on Grounds of Qualified Immunity filed under Rule 12(b)(6). The defendants oppose the plaintiff's request, and the court finds the plaintiff's request should be denied.

All discovery in this case is currently stayed under the court's local rules which provide the filing of a motion asserting an immunity defense "stays the attorney conference and disclosure requirements and all discovery, pending the court's ruling on the motion, including any appeal." L.U.Civ.R. 16(b)(3)(B). Lifting the stay to allow the plaintiff to conduct qualified immunity-related discovery would deprive defendants Chism and Pounders of the benefits of their asserted qualified immunity and would run afoul of Supreme Court and Fifth Circuit directives.

Where a public official asserts qualified immunity in a motion to dismiss, the district court must rule on the motion without permitting discovery against the immunity-asserting defendant. *Carswell Camp*, 54 F.4th 307, 311 (5th Cir. 2022) (citing *Backe v. LeBlanc*, 691 F.3d 646, 648 (5th Cir. 2012) (It is "*precisely* the point of qualified immunity ... to protect public officials from expensive, intrusive discovery *until and unless* the requisite showing overcoming

immunity is made.") (second emphasis added in *Carswell*)). Even discovery tailored to flesh out the qualified immunity defense is not allowed, as the district court "may not permit discovery – 'cabined or otherwise' – against immunity-asserting defendants before it has determined plaintiffs have pleaded facts sufficient to overcome the defense." *Carswell*, 54 F.4th at 312 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009)). "The Supreme Court has now made clear that a plaintiff asserting constitutional claims against an officer claiming [qualified immunity] must survive the motion to dismiss without *any* discovery." *Id*. at 311 (emphasis in original). For these reasons, the plaintiff's request is DENIED.

The plaintiff is ordered to respond to the defendants' Motion to Dismiss Denial of Medical Care Claim Against Lee County, Mississippi [Doc. 29] and Motion to Dismiss on Grounds of Qualified Immunity [Doc. 31] by May 9, 2025.

SO ORDERED, this the 30th day of April, 2025.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE